UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ANDRY TORO-ANGULO, on behalf of
herself and those similarly situated

    Plaintiff,

v.                            Case No: 2:16-cv-294-FtM-29CM

HOMETOWN VENTURES, LLC
and ALEX JIVANI,

    Defendants.
_____

# REPORT AND RECOMMENDATION[1]

This matter comes before the Court upon review of Plaintiff's Unopposed Motion to Approve Settlement Agreement and to Dismiss with Prejudice (Doc. 29) filed on June 30, 2017. The parties provided a copy of the Settlement Agreement, and Release for the Court's review. Doc. 29-1. The parties request that the Court approve the parties' settlement of the Fair Labor Standards Act ("FLSA") claim.

To approve the settlement, the Court must determine whether the settlement is a "fair and reasonable resolution of a bona fide dispute" of the claims raised pursuant to the FLSA. *Lynn's Food Store, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982). There are two ways for a claim under the FLSA to be settled or

---

[1] A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1. **In order to expedite a final disposition of this matter, if the parties have no objection to this Report and Recommendation, they promptly may file a joint notice of no objection.**

compromised. *Id.* at 1352-53. The first is under 29 U.S.C. § 216(c), providing for the Secretary of Labor to supervise the payments of unpaid wages owed to employees. *Id.* at 1353. The second is under 29 U.S.C. § 216(b) when an action is brought by employees against their employer to recover back wages. *Id.* When the employees file suit, the proposed settlement must be presented to the district court for the district court's review and determination that the settlement is fair and reasonable. *Id.* at 1353-54.

The Eleventh Circuit has found settlements to be permissible when the lawsuit is brought by employees under the FLSA for back wages because the lawsuit

> provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought about by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

*Id.* at 1354.

In determining whether the settlement is fair and reasonable, the Court may consider the following factors: (1) the existence of fraud or collusion behind the settlement; (2) the complexity, expense, and likely duration of the litigation; (3) the stage of the proceedings and the amount of discovery completed; (4) the probability of Plaintiff's success on the merits; (5) the range of possible recovery; and (6) the opinions of the counsel. *See, e.g.*, *Leverso v. South Trust Bank of Ala., Nat. Assoc.*,

18 F.3d 1527, 1531 n.6 (11th Cir. 1994); *Dorismond v. Wyndham Vacation Ownership, Inc.*, 2014 WL 2861483, at *2 (M.D. Fla. June 24, 2014).

In this case, Plaintiff Andry Toro-Angulo filed a complaint on April 21, 2016 alleging that Defendants Hometown Ventures, LLC, doing business as Maxx Foods 2, and Alex Jivani, violated the overtime provisions of the FLSA by failing to properly compensate Plaintiff for hours worked in excess of forty hours per week. Doc. 1. The complaint alleges that, on or about July 2014, Defendants hired Plaintiff to work as a non-exempt cashier. Doc. 1 ¶ 26. At various times during her employment, she worked in excess of forty hours per week without proper compensation. *Id.* ¶¶ 27-28. On June 27, 2016, Defendants filed their answer and affirmative defenses. Doc. 16. Defendants asserted eleven affirmative defenses, one of which states Plaintiff has been paid all amounts to which she is legally entitled. *Id.* at 4.

Plaintiff has filed the instant motion seeking judicial approval of her settlement agreement with Defendants. Doc. 29. In the proposed settlement agreement, Defendants agree to pay Plaintiff two thousand dollars ($2,000.00) in consideration of her underlying claims for alleged unpaid overtime wages and two thousand dollars ($2,000.00) in liquidated damages in exchange for the dismissal of her claims. Doc. 29-1 at 3. Plaintiff states she does not have full and accurate pay and time records for herself, but believes she is owed between $1,500.00 and $2,200.00 for her alleged unpaid overtime hours worked. Doc. 29 at 2. Plaintiff confirms that "this amount provides all possible relief for claims for unpaid overtime under the FLSA, based on her best recollection of her hours worked." *Id.* Moreover,

Plaintiff avers "the settlement of this matter is fair and reasonable" and that "there was no undue influence, overreaching, collusion or intimidation in reaching the settlement." *Id.* at 2-3. Plaintiff further submits that there has been sufficient investigation and exchange of information to allow counsel for the parties to evaluate the parties' claims and defenses and make recommendations to their clients regarding the settlement agreement. *Id.* at 4. After the exchange of information and several months of negotiations, the parties reached a compromise to avoid the uncertainties of litigation. *Id.* Based on the Court's review of the settlement agreement, the parties' representations and the policy in this circuit of promoting settlement of litigation, the Court recommends the proposed settlement to be a fair and reasonable compromise of the dispute.

In addition, the "FLSA requires judicial review of the reasonableness of counsel's legal fees to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351 (11th Cir. 2009). Pursuant to *Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009),

> the best way to insure that no conflict [of interest between an attorney's economic interests and those of his client] has tainted the settlement is for the parties to reach agreement as to the plaintiff's recovery before the fees of the plaintiff's counsel are considered. If these matters are addressed independently and seriatim, there is no reason to assume that the lawyer's fee has influenced the reasonableness of the plaintiff's settlement.

In the instant case, the settlement was reached and the attorney's fees and costs were agreed upon separately and without regard to the amounts paid Plaintiff. Doc. 29 at 2. In addition to the payment to Plaintiff, Defendants agree to pay to Plaintiff's counsel the amount of five thousand dollars ($5,000.00) for attorneys' fees and costs. Doc. 29-1 at 3. Under these circumstances, the Court recommends that the settlement agreement is fair and reasonable.

ACCORDINGLY, it is respectfully

**RECOMMENDED:**

1. Plaintiff's Unopposed Motion to Approve Settlement Agreement and to Dismiss with Prejudice (Doc. 29) be **GRANTED** and the Settlement Agreement and Release (Doc. 29-1) be **APPROVED** by the Court as a fair and reasonable resolution of a bona fide dispute under the FLSA.

2. The Court enter an order **DISMISSING** with prejudice all claims asserted in this action by Plaintiff.

**DONE** and **ENTERED** in Fort Myers, Florida on this 3rd day of August, 2017.

CAROL MIRANDO
United States Magistrate Judge

Copies:
Counsel of record